Bradley, J.
—The action was brought to recover the amount of awards made to the original plaintiffs as mortgagees, as compensation for lands appropriated by the defendant for a public avenue, pursuant to Laws of 1873, chapter 540, and of 1869, chapter 165. The defense alleged is payment. The warrants were delivered by the city comptroller to one, Bork, who claimed to have authority to receive four of them, and none is claimed to take the fifth one, at the time he received it, but it was contended that its receipt came within the subsequent power, pursuant to which he obtained the other four.
The review of a former trial was on appeal from an order granting a new trial, on the ground that the verdict for the defendant was against the weight of the evidence, and such order was affirmed. 5 N. Y. State Rep., 237.
This is a review of the third trial, and it is contended that errors were committed on the trial in rulings of the court to the prejudice of the defendant. For an understanding of the situation, reference may be made to the *584 fact that one of the mortgages was made by Zink in 1871, and the other by Lyon in 1872, to the plaintiffs, and that the proceedings were taken by the defendant, in 1873, to condemn portions of the mortgaged premises for the avenue, which resulted in awards to the plaintiffs as mortgagees of the Zink lands for $360 and $459.88, and of the Lyon lands for $184.39, $468.08 and $499.88, represented by five warrants, which the comptroller held for the parties entitled to them.
The warrant for the first mentioned amount was received by Bork of the comptroller, in December, 1873, and those for other amounts in July, 1875, and when he obtained the latter Bork produced what purported to be a letter from Fincke, one of the mortgagees, which the comptroller understood gave him authority to receipt for and take them. The jury were permitted upon the evidence to find that Bork had no authority to take any of the warrants from the comptroller. In 1877, Mr. Fincke called upon the comptroller for the warrants, and failing to obtain them, this action was afterwards commenced. But before its commencement, the plaintiffs brought actions to foreclose the mortgages, obtained judgments and caused sales to be made which resulted in a deficiency of $2,000 in the case of the Zink mortgage, and upwards of $8,000 in that of the Lyon mortgage. It is contended that the taking judgment in the foreclosure actions for the deficiencies, without any abatement on account of the awards, was an election of remedies which defeated the plaintiff’s right of action against the defendant. While those sums were awarded to the plaintiffs for the preservation of their security upon the portion of the mortgaged property so appropriated by the defendant, and if taken by them would go in reduction of the mortgage debt, the plaintiffs were not by the mere fact of taking deficiency judgments denied the right to receive and apply upon them the moneys so awarded. That right existed until the deficiencies were otherwise paid by the mortgagors by doing which the latter would have become the beneficiaries of the fund. In this view a question arises in respect to the warrants issued on account of the land taken which was covered by the Zink mortgage.
It appears that the deficiency judgment in his case was satisfied, and satisfaction was acknowledged March 20, 1880, and, following the evidence of that fact, the defendant offered to prove that Zink had received the awards through Bork at the time the deficiency judgment against him was satisfied. The evidence was excluded and exception taken.
It appears that to produce the satisfaction Zink paid only $1,200, and received from the plaintiffs, who had purchased *585 the mortgaged property at the sale upon the foreclosure, a conveyance of three of the lots and the transfer of a small judgment against another party.
But Zink testified that the satisfaction of the judgment was pursuant to understanding with the plaintiffs through Fincke; that he paid all the estate wanted to discharge it, all that was coming to the estate; that he satisfied everything, and that before the execution of the satisfaction Mr. Fincke had sold off some of the property, the proceeds of which were taken into the account on the settlement, and that he said the estate was made good. On the contrary Mr. Fincke says that when he satisfied the judgment he had in view the city awards, the amount of which he expected to. obtain, and thinks he so stated to Zink. The latter denies that anything to that effect was said by Fincke.
The court was requested, and declined to charge that if the jury found that the Zink mortgage debt had been paid and satisfied the plaintiffs were not entitled to recover anything on account of the two awards made for the land taken by the defendant of that covered by his mortgage. The exception taken embraced within it the refusal of the court to charge a like proposition in reference to the debt secured by the Lyon mortgage, and the awards for the appropriation of lands covered by it. The evidence clearly did not warrant the conclusion that the latter mortgage debt had been paid. It is, therefore, unnecessary to determine whether or not an exception limited to the former refusal to charge as requested would have been well taken, and we express no opinion upon it.
We think, however, that the excluded evidence was admissible and should have been received, because it would tend to prove that Zink, through Bork, had received the benefit of the two awards. If such evidence had been received, and the jury had so found, and had also found that the de.ficiency judgment had in fact been satisfied without the aid of those awards, the conclusion would have followed that Zink was the beneficiary of them. And if he received the amount of those awards from Bork he may be deemed to have ratified the act of the latter in taking the warrants from the comptroller, and the money upon them from the city treasury. And the fund having thus reached its proper ultimate destination, the city should not be required to pay it again. It is suggested that as the facts relied upon for this defense arose after the action was commenced, they are not available without a supplemental answer alleging them.
It is true that allegations of an answer, unless specifically appearing otherwise, are presumed to relate only to mat *586 ters of defense existing at the time of the commencement of the action. But it will be observed that the alleged defense is payment. And that no payment by the defendant other than that to Bork, before the action was commenced, is in question. The ratification of it by Zink, assuming that he had the right to do it, is but evidence, and relates to the time the payment was so made by the defendant, and supports it as such, and brings it within the defense alleged. The distinction is between the fact, which constitutes the defense, and the evidence of it. And the facts which occurred after, constituted evidence only of the fact of pay-, ment before the action was commenced by relation to it. No view is intended to be here expressed upon the weight or force of the evidence, if it had been received.
We are dealing only with the question of its competency and materiality.
The fact that the action to recover the money so awarded was pending at the time of the satisfaction of the deficiency judgment is a circumstance which would be entitled to consideration upon the question whether the plaintiffs intended to or did relinquish their right to the amount of those awards or rather whether the understanding was not as indicated by the evidence of Fincke that they were to have the benefit of them.
In the view taken of the exception to the exclusion of the evidence offered, we think there must be a new trial, unless the plaintiffs elect to exclude the amount of those two awards from the recovery, on the assumption that no authority was given by Fincke to Lyon, Bork or Lyon, Bork & Co., to take the award, such as to justify the conclusion that the taking and collecting them by Bork was ratified by the plaintiffs or Fincke. That inference could arise only upon and from knowledge of the facts, and there is no evidence to support the assertion of knowledge in Fincke that the warrants had been taken by Bork, or that he had any information to that effect until he called upon the comptroller for them in 1811.
The delay in seeking payment of the awards did not furnish evidence of such knowledge, although it was unexplained, a circumstance bearing upon the question of fact, whether he had not given some person authority to take the warrants and receive the money on them. It appears by the evidence of Lyon and Fincke, that the latter in answer to a letter wrote Lyon, referring to the awards, but conferring no authority to have anything to do with them. And in the charge to the jury, the court referring to Finck’s letter, suggested to the jury that it may have been the letter produced by Bork when he obtained the warrants. The defendant’s counsel excepted to that portion of the charge and criticised it as error;.but we think, in view of the fact that *587 the question in that respect was left wholly to the jury, their province was not invaded by any direction of the court on the subject.
The evidence offered by the defendant to prove that pursuant to understanding with Zink, Mr. Fincke _ purchased the property covered by his mortgage for the plaintiffs at a sum specified and less than its value, was in view of the facts embraced within that excluded as before mentioned, and other evidence received, competent as bearing upon the question whether an understanding was had by which the deficiency judgment was in fact paid without the aid of the two awards.
We have examined all the other questions presented by the record, some of which were considered on review of the former trial, and think that none of them required the expression of any consideration here.
The interest upon the awards by direction of the court seems- to have been computed from February 4, 1878.
The judgment should be reversed, anda new trial granted, costs to abide the event, unless the plaintiffs stipulate to deduct $819.88, and interest thereon, from February 4, 1878, from the recovery, and in that event the judgment be so reduced, and as so modified, affirmed without costs of this appeal to either party.
Barker, P. J., Haight and Dwight, JJ., concur.